Lee *et al. v.* Bates.

## Harvey Lee and Lemuel Lee, appellants *v.* Michael Bates, appellee.

### *Appeal from Fayette.*

In an action upon a note of hand, the defendant pleaded no consideration, and that the note was given in consideration of a certain amount of work, which the payee, the plaintiff, alleged he had performed for Waterman and Rogers, contractors on the Cumberland Road, and of an agreement by the payee to deliver to the defendants an order or transfer, to enable them to draw from W. and R. the pay for the work—W. and R. being contractors upon the Cumberland Road —and that the payee never performed the work, nor delivered the order or transfer, whereby the defendants lost the benefit of the same.

The defendants then moved for a continuance of the cause, upon an affidavit of one of the defendants, stating that he believed that he could prove by G., who resided in the county where the suit was commenced, that G. had in his possession the contract for work done by the said plaintiff for W. and R., and that the plaintiff had failed to transfer it to the defendants. That he expected to prove by W. and R., that the plaintiff wholly failed to perform his contract with them, and that they owed him nothing, and that they wholly refused to pay to the said defendants any money on account of the said plaintiff for the said work; and that the affiant knew of no other witness by whom he could prove the same facts. That G. was absent from the county when the writ was served upon the defendants, and had not since returned. That Waterman resided in St. Louis, in the State of Missouri, and Rogers in Greene county, in the State of Illinois; and that from the shortness of the time between the commencement of the suit, and the session of the Court, they had not been able either to procure W.'s deposition, or the attendance of R. as a witness: *Held* that the affidavit was sufficient, and the defendants were entitled to a continuance.

This was an action of *assumpsit* commenced by the appellee against the appellants, in the Circuit Court of Fayette county, upon a promissory note. The defendants in the Court below pleaded, first, that there was no consideration for the note, and, secondly, that the "note in the said plaintiff's declaration mentioned, was made and executed and delivered by them to the said plaintiff, in consideration of a certain amount of work, to wit, to the amount of one hundred dollars, which he, the said plaintiff, alleged that he had done and performed for one David B. Waterman and Jesse H. Rogers, who were contractors upon the National or Cumberland Road in the State of Illinois; and which contract for work alleged to have been done by him as aforesaid, and for which said note was given, the said plaintiff, in consideration that the said defendants would sign and deliver said note to him, would transfer and deliver over to the said defendants, an order or transfer of said sum, to enable and authorize them to

Lee *et al. v.* Bates.

draw the money from the said Waterman and Rogers: and the said defendants aver, that the said plaintiff did not perform any work for said Rogers and Waterman, nor did he transfer and authorize the said defendants to draw the money on said contract as aforesaid, or any authority or order whatsoever to authorize them to draw the amount of said contract for the work aforesaid from the said Waterman and Rogers, but wholly failed and refused so to do, by reason of which the said defendants lost the benefit of the same; and the said defendants further aver, that the consideration of said note, in the said declaration mentioned, has wholly failed, and this they are ready to verify, wherefore, &c.''

These pleas were traversed by the plaintiff, and issue taken thereon.

The defendants then filed the following affidavit, and moved the Court for a continuance to the next term of the Court :

" Lemuel & Harvey Lee,  
   *ats.*  
  Michael Bates.

Lemuel Lee, one of the defendants in the above cause being duly sworn, deposes and says, that William C. Greenup, of the county of Fayette, and David B. Waterman, of the city of St. Louis, Missouri, and Jesse Rogers, of the county of Greene, Illinois, are material witnesses for him in the trial of the above cause. He expects and believes that he will be able to prove by William C. Greenup, that the contract for work done by the said plaintiff for Rogers and Waterman, was in his possession, and the said plaintiff failed to transfer it to the said defendants, as he had agreed to do, and for which said note was given ; he also expects to prove by said Waterman and Rogers, that the said plaintiff wholly failed to perform his contract with them for work, and that they owed him nothing, and that they refused wholly to pay to the said defendants any money on account of the said plaintiff, for the said work alleged to have been done by him for the said Rogers and Waterman, and for which said note was given.

This affiant further states, that he knows of no other witness or witnesses by whom he can prove the same facts. When the writ was served on this affiant, Wm. C. Greenup was absent from the county of Fayette, and has not since returned ; and Waterman's testimony, who resides in St. Louis, could not be taken before the meeting of the Court. They also state that from the shortness of the time they were unable to procure the attendance of the witness, Rogers, to this term of the Court. He expects to be able to procure their testimony by next Court.

            LEMUEL LEE.

Sworn to and subscribed in open Court, Oct. 10, 1838.  
  2s            JAS. W. BERRY, Clk.''

Miller *v.* Bledsoe *et al.*

The motion for a continuance was overruled, and the defendants excepted to the opinion of the Court, and embodied the facts in a bill of exceptions, which was signed and sealed by the Court.

The cause was tried before the Hon. Sidney Breese and a jury, at the October term, 1838. Verdict and judgment were rendered for the plaintiff in the Court below. The defendant appealed to this Court.

A. P. FIELD, for the appellants.

L. DAVIS and F. FORMAN, for the appellee.

SMITH, Justice, delivered the opinion of the Court:

An application was made to the Circuit Court, in this cause, for a continuance to the next term, founded on a deposition of one of the defendants, showing the absence of a witness, whose testimony appears to be material on the trial of the cause, residing in Missouri; and of another residing in a distant county.

The facts which the deposition discloses, and which it is alleged the witness could prove, would be material for the defendant in his defence; and as the declaration was filed only twelve days before the sitting of the Court, it was not within the power of the defendants to have obtained the testimony of the absent witnesses under a *Dedimus*, conformably to the statute, in time for a hearing of the cause—ten days' notice of the intention to take the testimony, being required to be given to the opposite party. There was consequently no *laches* on the part of the defendants.

The Judgment is reversed with costs—a new trial granted— and a *venire de novo* awarded.

*Judgment reversed.*

*Note.* See Vickers *v.* Hill *et al. Ante* 307, and note; The People *v.* Pearson, *Ante* 473; Covell *et al. v.* Marks, *Ante* 525.